**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SHAQUILLE DAWKINS,

                             Plaintiff,

        -against-

SHACK SHACK, INC.,


                           Defendant.
-----------------------------------------------------------------X

**Case No. :**

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff SHAQUILLE DAWKINS ("Plaintiff" or "Mr. Dawkins"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendant Shake Shack, Inc. ("Defendant" or "The Company" or "The Restaurant"):

## NATURE OF THE ACTION

1.      This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"), and the Administrative Code of the City of New York § 8-101 *et seq.* ("City Law") based on Defendant's refusal to grant Plaintiff a reasonable accommodation for his disability and Defendant's discriminatory and retaliatory termination of Plaintiff's employment because of his disability

2.      Defendant knowingly violated Plaintiff's rights under the ADA and City Law as such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured.

3.      Damages and other legal relief are sought pursuant to the ADA and City Law.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over Plaintiff's City Law claims is

conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.    Venue is proper in this District because Defendant conducts business in this District, and acts and/or omissions giving rise to the claims alleged herein took place in this district.

6.    Pursuant to §8-502 (c) of the City Law, Plaintiff served a copy of this Complaint on the City of New York Commission on Human Rights and on the City of New York Corporation Counsel.

## PARTIES

### *Plaintiff*

7.    Plaintiff is a New York resident who suffered from a disability (type 1 diabetes) and was terminated because of his disability.

8.    Plaintiff was at all times an "employee" within the meaning of the ADA, protected from discrimination on the basis of disability.

9.    Plaintiff was at all times a "person" within the meaning of the City Law, protected from discrimination on the basis of disability.

10.    Plaintiff was an individual with a "disability," as defined by the ADA and City Law, because he had been diagnosed with diabetes in and was suffering from diabetes since 2008.

### *Defendant*

11.    Defendant is a fast food restaurant chain based in New York City and has various locations throughout the United States.

12.    Defendant maintains a principal place of business where Plaintiff worked at 2957

Broadway, New York, New York 10025.

13.     At all relevant times, Defendant has continuously been doing business in the State and City of New York and has continuously employed 15 or more employees, and accordingly is an "employer" within the definition of the ADA and City Law.

## FACTUAL ALLEGATIONS

### *Background regarding Plaintiff's Employment and His Disability*

14.     On November 9, 2018, Plaintiff began working as a line cook with Defendant.

15.     Plaintiff's responsibilities as a line cook included cooking meals for customers and facilitating the delivery of hot meals on a timely basis

16.     Plaintiff was diagnosed with type 1 diabetes in 2008.

17.     He has suffered from the disease to present.

18.     Because of his disease, Plaintiff has to administer insulin to himself three times a day.

19.     Plaintiff's supervisors, Elizabeth Edwards and Alita (LNU), were aware of his condition and treatment regimen.

### *Disability Discrimination*

20.     On several occasions, Edwards prohibited Plaintiff from administering insulin at regular intervals by denying him rest breaks.

21.     Mr. Dawkins would have to step away from work to take a blood sugar reading to show Edwards that his sugar was low in order for her to approve his breaks.

22.     On two occasions, Plaintiff had to leave work early due to low blood sugar because he was denied a break and could not administer insulin to raise his blood sugar.

23.     One of the occasions occurred on April 11, 2019 when Plaintiff left work early due to feeling sick from low blood sugar.

24.     Plaintiff called out of work the next day by sending an email through the

Company's Intranet, "Workday".

25.    He was admitted to the hospital with low blood sugar on April 13th.

26.    Mr. Dawkins called Alita to inform her that he was in the hospital and would not be able to attend work that day.

27.    Alita said it was "okay" and instructed Plaintiff to simply bring a doctor's note with him when he next reported to work.

28.    Plaintiff was discharged from the hospital on April 16th and he reported to work on his next scheduled shift, April 18th.

### *Unlawful Termination*

29.    Upon arriving at work on April 18th, Plaintiff presented a doctor's note to the new store manager, who instructed him to speak with Edwards because he had already been terminated.

30.    Shortly thereafter, he spoke with Edwards, who chastised him for not informing the Company that he would be out of work for so many days.

31.    Plaintiff explained that he had informed Alita that he was in the hospital and that Alita told him his absence was "okay" and instructed him to simply bring in a doctor's note when he returned to work.

32.    Despite this explanation, Edwards refused to reinstate him and maintained that Plaintiff was terminated.

### **FIRST CAUSE OF ACTION**

#### **(Failure to Provide a Reasonable Accommodation in Violation of the ADA)**

33.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

34.    By the acts and practices described herein, Defendant violated the ADA by failing

4

to accommodate Plaintiff's disability.

35.     As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

36.     As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SECOND CAUSE OF ACTION

### (Discriminatory Termination of Employment Based on Disability in Violation of the ADA)

37.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

38.     Plaintiff's physical impairment as described in this Complaint constitutes a disability within the meaning of the ADA.

39.     Defendant willfully violated the ADA when it terminated Plaintiff's employment because of his disability.

40.     As a proximate result of Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

41.     As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## THIRD CAUSE OF ACTION

**(Retaliatory Termination of Employment
Based on Disability in Violation of the ADA)**

42.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43.     Plaintiff suffered from a disability and requested a reasonable accommodation for his disability.

44.     Defendant willfully violated the ADA when it terminated Plaintiff's employment because he requested an accommodation for his disability.

45.     As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

46.     As a proximate result of the Defendant's unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## FOURTH CAUSE OF ACTION

**(Failure to Provide a Reasonable
Accommodation in Violation of City Law)**

47.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

48.     By the acts and practices described herein, Defendant intentionally and willfully violated City Law by failing to accommodate Plaintiff's disability.

49.     As a proximate result of Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

50.     As a proximate result of Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## FIFTH CAUSE OF ACTION

**(Discriminatory Termination of Employment
Based on Disability in Violation of City Law)**

51.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

52.     By the acts and practices described herein, Defendant intentionally and willfully violated City Law by terminating Plaintiff's employment because of his disability.

53.     As a proximate result of Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

54.     As a proximate result of Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SIXTH CAUSE OF ACTION

**(Retaliatory Termination of Employment
Based on Disability in Violation of the City Law)**

55.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56.     Plaintiff suffered from a disability and requested a reasonable accommodation for his disability.

57.     Defendant willfully violated City Law when it terminated Plaintiff's employment because he requested an accommodation for his disability.

58.     As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has

endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

59.     As a proximate result of the Defendant's unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## PRAYER FOR RELIEF

60.     WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding Plaintiff:

a)     back pay

b)     prejudgment interest

c)     front pay

d)     damages for all employment benefits Plaintiff would have received but for the unlawful acts and practices of Defendant;

e)     liquidated damages;

f)     reasonable attorneys' fees and costs incurred in this action; and

g)     any other relief that the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Respectfully submitted,

**FISHER TAUBENFELD LLP**

_____
Liane Fisher, Esq. (LF5708)
*Attorneys for Plaintiff*
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Fax: (212) 505-2001